UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KRISTOPHER I. LAPKO, et al.,

      Plaintiffs,                                      Case No. 2:25-cv-11216-SKD-CI

v.

UNITED WHOLESALE MORTGAGE,
LLC, et al.,

      Defendants.

---

### NOTICE OF OBJECTION AND RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTARY AUTHORITY (ECF NO. 31)

---

      Plaintiffs respectfully submit this Objection and Response to Defendants' Notice of Supplemental Authority of five out-of-circuit ERISA forfeiture decisions (ECF No. 31). Preliminarily, and as argued in Plaintiffs' Notice of Objections to Defendants' three last Notices of Supplemental Authority (ECF Nos. 26, 28, 30), Defendants' notice filing again goes beyond what is permitted for a notice of supplemental authority and constitutes an unauthorized supplemental brief without a motion for leave. *See Needham v. Roho Group, Inc.*, 2:04-cv-10149-DML-CEB, Dkt. 204, at 1-2 (E.D. Mich. Apr. 11, 2006). Because Defendant continue to follow what appears to be an unauthorized practice in bringing **highlighted** authorities to the Court's attention without a motion for leave to file (EFC 31-1, 31-2, 31-3, 31-4, 31-55), Plaintiffs therefore respectfully request the ability to file the following short response clarifying why the highlighted cases brought to the Court's attention are not on point.

      Defendants bring to the Court's notice: *Brewer et al v. Alliance Coal, LLC et. al.*, No. 4:24-cv-00406, Dkt. No. 58 (N.D. Ok. Dec. 9, 2025); *Garner v. Northrop Grumman Corp.,* 2025 WL

1

3488657 (E.D. Va. Dec. 4, 2025); *Brown v. Peco Foods, Inc.,* 2025 WL 3210857 (S.D. Miss. Nov. 14, 2025); *Hernandez v. AT&T Servs., Inc.,* 2025 WL 3208360 (C.D. Cal. Nov. 14, 2025); and *Del Bosque v. Coca-Cola Sw. Beverages LLC,* 2025 WL 3171326 (N.D. Tex. Nov. 13, 2025), in support of their Motion to Dismiss (ECF No. 15). These cases are inapplicable, unpersuasive, and out-of-Circuit decisions that do not support Defendants' motion to dismiss for at least the four following reasons.

**First**. All four cases cited by Defendants incorrectly conflates reducing "employer contributions" and payment of "administrative expenses" as "benefits," not subject to being maximized. *See, e.g.*, *Garner*, 2025 WL 3488657, at *4. Yet, when forfeitures are used to pay administrative expenses, they effectively reduce the cost to the employer, but participants receive no direct or allocable gain. *See Buescher v. N. Am. Lighting, Inc.*, 2025 WL 1927503, at *4 (C.D. Ill. June 30, 2025) ("Defendants received a benefit while participants simply received that which they would have received anyway, and remain on the hook for paying their share of Plan expenses.").

**Second**. *Garner* and the other cases are simply incorrect that plaintiff's prohibited transaction claims are "intra-plan transfers." *See, e.g., Garner*, 2025 WL 3488657, at *6. Indeed, unlike true intra-plan transfers, plan forfeitures used to pay off employer contributions to the plan are no longer being used for participants, but to relieve the employer of a financial obligation. *See Buescher*, 2025 WL 1927503, at *4 ("Defendants received a benefit while participants simply received that which they would have received anyway.").

**Third.** All five cited cases largely rely on *Hutchins v. HP Inc.*, 767 F. Supp. 3d 912 (N.D. Cal. 2025) ("*Hutchins II*"), which is currently pending appeal in the Ninth Circuit. Unlike *Hutchins II*, and like *Buescher*, 2025 WL 1927503, at *8, Plaintiffs have not "opened with a swing for the fences" in this case. Instead, Plaintiffs specifically allege that the decision to allocate forfeitures toward employers matching contributions can sometimes align with the interests of Plan

2

participants. Dkt. 1, ¶¶ 66, 67. While the circumstances Plaintiffs describe "may ultimately be narrow, the complaint simply cannot be construed as advancing a claim that offsetting employer contributions never aligns with the duty of loyalty." *See Buescher*, 2025 WL 1927503, at *10. Thus, Plaintiffs' forfeiture claims are not implausibly broad.

**Fourth**. The counting of "wins" and "losses" among recent forfeiture cases in other circuits by Defendants and Judge Lee in *Peco Foods*, 2025 WL 3210857, at *9, is a misguided approach. Forfeiture allocations lawsuits are by their very nature *context-specific* and driven by the *specific forfeiture provisions* in the 401(k) plans at issue. *See Sacerdote v. N.Y. Univ.,* 9 F.4th 95, 108-09 (2d Cir. 2021) ("[We] caution against overreliance on . . . other ERISA cases as benchmarks. While such comparisons may sometimes be instructive, their utility is limited because the assessment of any particular complaint is a context-specific task."). Indeed, *Garner* proves this point when it found the case "rests entirely on whether the 'to the extent' language in Section 7.04 of the Plan requires and mandates that forfeitures be used in a certain order. Based on the language and structure of the Plan document as a whole, the Court concludes that Section 7.04 does not mandate that forfeitures be used in any particular order, only that they be used for one of three listed purposes—pay administrative expenses, restore participant accounts, or apply to employer contributions." *Garner*, 2025 WL 3488657, at *3. Needless to say, the United Wholesale Mortgage Plan does not have the same "to the extent" language as in *Garner*, and so the conclusion in *Garner* provides no guidance for resolution of the motion to dismiss in this case. The same is true for the other four cases cited by Defendants.

In all, the five cases cited by Defendants in their Notice of Supplemental Authorities (ECF No. 31) do not change the conclusion that Plaintiffs have pled plausible fiduciary breach and prohibited transaction claims based on the misallocation of Plan forfeitures. Accordingly, Defendants' citations in their notice of supplemental authority actually supports denial of Defendants' motion to dismiss by emphasizing the contextual nature of these forfeiture claims.

Dated this 15th day of December, 2025.  Respectfully submitted,

**WALCHESKE & LUZI, LLC**

*/s/ Paul M. Secunda*
Paul M. Secunda
235 N. Executive Dr., Suite 240
Brookfield, Wisconsin 53005
Telephone: (414) 828-2372
psecunda@walcheskeluzi.com

*Attorneys for Plaintiffs and Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/Paul M. Secunda*
Paul M. Secunda